UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUKE MORRIS ABBEY,

    Petitioner,

v.

                                    Case No. 12-11769

                                    HON. AVERN COHN

LLOYD RAPELJE,

    Respondent.

_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

    This is a habeas case under 28 U.S.C. § 2254. Petitioner Luke Morris Abbey (Petitioner) is a state inmate who is currently confined at the Saginaw Correctional Facility in Saginaw, Michigan. Petitioner filed a *pro se* petition for a writ of habeas corpus challenging his convictions for first-degree criminal sexual conduct and second-degree criminal sexual conduct. As will be explained, petitioner has not exhausted his state court remedies. Therefore, the petition will be dismissed without prejudice. The Court will also decline to issue a certificate of appealability.

### II. Background

    Petitioner pleaded *nolo contendere* to the above offenses in the Muskegon County Circuit Court on January 8, 2009. On January 26, 2009, petitioner was sentenced to thirteen to fifty years in prison on the first-degree criminal sexual conduct conviction and eighty six months to fifteen years in prison on the second-degree

criminal sexual conduct conviction.

Petitioner filed an appeal with the Michigan Court of Appeals. The court of appeals dismissed the appeal because petitioner failed to file the application for leave to appeal within the time period under M.C.R. 7.205(F)(3) and because the exceptions to the time limit under M.C.R. 7.205(F)(4) were inapplicable. *People v. Abbey,* No. 304080 (Mich. Ct. App. June 22, 2011). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied. *People v. Abbey,* 490 Mich. 895 (2011).

Petitioner now seeks a writ of habeas corpus, claiming that he was denied his Sixth Amendment right to the effective assistance of trial counsel. Although unclear, petitioner may also be raising a claim that appellate counsel was ineffective.

### III.  Analysis

### A.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Matson v. Michigan Parole Bd.*, 175 F. Supp. 2d 925, 928 (E.D. Mich. 2001). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich.

2003); 28 U.S.C. § 2254(b)(3).

**B.**

Here, petitioner's ineffective assistance of counsel claims were not fairly presented to the state courts. As noted above, the Michigan Court of Appeals rejected petitioner's appeal on the ground that it had not been timely filed. At the time of petitioner's conviction, petitioner had twelve months after his sentence to file a delayed application for leave to appeal. *See e.g. Williams v. Birkett,* 670 F. 3d 729, 731 (6th Cir. 2012). [1] Petitioner filed his application for leave to appeal to the Michigan Court of Appeals beyond the twelve month time limit.

A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *See Coleman v. Mitchell,* 244 F. 3d 533, 538 (6th Cir. 2001). A habeas petitioner does not fairly present a claim to a state appellate court when he or she fails to file his or her appeal within the time limits under state law for filing an appeal. *See e.g. Rupert v. Berghuis,* 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008)(habeas petitioner failed to exhaust his state remedies as result of his failure to file timely appeal to Michigan Supreme Court). Because petitioner's appeal was dismissed as untimely, none of his claims were fairly presented, for purposes of the exhaustion requirement, to the Michigan courts. *See McBride v. Woods,* No. 2010 WL 3419507, * 3 (E.D. Mich. August 27, 2010).

Moreover, the fact that petitioner presented his claims to the Michigan Supreme

---

[1] In June of 2011, M.C.R. 7.205(F)(3) was amended to require that any delayed application for leave to appeal be filed with the Michigan Court of Appeals within six months of the judgment of sentence. M.C.R. 7.205(F)(3). The amendment does not apply to petitioner's circumstances.

3

Court does not mean the claims have been exhausted. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. See Castille v. Peoples, 489 U.S. 346, 351 (1989). Thus, petitioner has not exhausted his claims in the state courts.

### C.

Petitioner may exhaust his claims by filing of a post-conviction motion for relief from judgment under M.C.R. § 6.500 with the Muskegon County Circuit Court. Upon the filing of a motion, the trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. § 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. Nasr v. Stegall, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Thus, although petitioner has failed to exhaust his state court remedies, he still has an available state court remedy with which to do so.

### IV. Conclusion

Accordingly, the petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust. Because reasonable jurists would not debate this decision, the Court DECLINES to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2), Slack v.

*McDaniel*, 529 U.S. 473, 483-84 (2000); Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

    SO ORDERED.


Dated: May 7, 2012            S/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Luke Abbey, 716487, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 and the attorneys of record on this date, May 7, 2012, by electronic and/or ordinary mail.

                                       S/Julie Owens
                                       Case Manager, (313) 234-5160